20-2731
Singh v. Garland

BIA
Conroy, IJ
A205 935 339

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <ins>SUMMARY ORDER</ins>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

PRESENT:
GERARD E. LYNCH,
MICHAEL H. PARK,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

JASWINDER SINGH,
*Petitioner,*

v.                                      20-2731
                                        NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Dalbir Singh, Esq., New York, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant
                       Attorney General; Leslie McKay,
                       Acting Assistant Director;

Christin M. Whitacre, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaswinder Singh, a native and citizen of India, seeks review of a July 21, 2020, decision of the BIA affirming a September 4, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *Jaswinder Singh*, No. A205 935 339 (B.I.A. July 21, 2020), *aff'g* No. A205 935 339 (Immig. Ct. N.Y. City Sept. 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

2

§ 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination "under the substantial evidence standard").

A factfinder "may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements," "the internal consistency of each such statement," and "the consistency of such statements with other evidence of record," and may do so "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162,

3

167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination. Singh alleged that members of the Congress Party attacked and threatened him because of his membership and involvement in the Shiromani Akali Dal (Amritsar) Party ("Mann Party"). The agency reasonably relied on discrepancies between Singh's testimony and his statements at an initial interview with a Customs and Border Patrol officer. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As an initial matter, the agency did not err in concluding that the interview record was reliable. The interview was memorialized in a type-written document that appears to be a verbatim recitation of 81 questions and answers. The interview was conducted through a Punjabi interpreter who translated questions designed to elicit the details of Singh's asylum claim. Singh stated that he understood the questions, provided detailed answers, and initialed each page of the interview record indicating that it had been read back to him. There was no indication that Singh was reluctant to reveal information. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (discussing "the hallmarks of reliability" used to

4

assess border and credible fear interviews).

The inconsistencies between Singh's statements at that interview and his subsequent statements support the agency's adverse credibility determination. First, at the interview, Singh stated that he was assaulted in 2008 and had not recently been attacked. But in later testimony, Singh said that he was also attacked in 2012, six months before the interview. Second, Singh stated in his interview that his father was present during the 2008 incident, but his later testimony stated that he was alone in that incident. Third, in his interview, Singh denied that he was affiliated with the Mann Party, but he later testified that he worked for the Party. These direct contradictions about the alleged persecution provide substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements . . . about matters material to [the petitioner's] claim of persecution . . . a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find

5

otherwise." (citation omitted)).

The agency was not required to accept Singh's explanation that his interpreter during the border interview spoke a dialect he did not understand because he confirmed at the interview that he understood the questions, and his answers were responsive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)). Singh argues that the agency erred in finding inconsistency in the timing of attacks because he did not consider the 2012 attack to be recent at the time of his interview. In addition to failing to exhaust this argument, the record reflects that Singh said there were no recent attacks after addressing an assault that occurred five years before the 2013 border interview. Accordingly, his explanation does not compel a conclusion contrary to the agency's. *See id*.

Finally, Singh does not challenge the agency's conclusion that his corroborating evidence did not rehabilitate his testimony. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541

6

n.1 (2d Cir. 2005) (deeming abandoned issues not raised in the petitioner's brief). Moreover, the agency did not err because "[a]n applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably afforded minimal weight to affidavits from Singh's family members as they were written by interested parties who were not available for cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Although Singh provided a death certificate to support his testimony that his brother was found dead after being arrested by officers looking for Singh, the certificate did not rehabilitate Singh's claim because it did not confirm the circumstances or cause of death.

In sum, the inconsistencies and lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167;

7

*Biao Yang*, 496 F.3d at 273.  That determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
